part of his assets. But here the defendant never was the debtor of the intestate. The administrator sold the property of the intestate to the defendant, who thereby became the debtor of the administrator.

THE COURT took time for consideration, and at the following term (THRUSTON, Circuit Judge, absent) were of opinion that the plaintiff could not sustain the action in his own name.

## Case No. 2,300.

### In re CALDWELL.

### [2 Hughes, 291.][1]

District Court, E. D. Virginia. April, 1874.

BANKRUPTCY—CONFLICTING JURISDICTION.

1. At the time of the bankruptcy, a suit had been pending in a state circuit court for many years for a partition of the estate of a deceased person. The bankrupt had married, first a daughter, and afterwards a granddaughter of the decedent. He had also become owner of the interest of another of the heirs. This interest was part of his assets in bankruptcy. At a sale ordered by the state court, of the property, he had become purchaser, and had paid ten per cent. as the first payment, but had defaulted on the other payments, and a resale had been ordered by the state court. After this order of resale he had become a bankrupt, and, therefore, unable to comply with the terms of his purchase. The bankrupt court, however, in 1873, had enjoined the second sale ordered by the state court. on the bankrupt's petition, on an allegation that he was entitled to a homestead, under the laws of Virginia, in any property he might have.

2. On motion to dissolve the injunction and remand the subject to be proceeded to the end in the state court, held, that the jurisdiction first acquired by the state court, of the estate of the decedent, ought not to be interfered with by the bankruptcy court.

In bankruptcy. The bankrupt, John Caldwell, by his petition, filed on or about June 7th, 1873, demands homestead in a tract of land surrendered in his schedules, known as "the Elizabeth Owens dower land," which contained about 190 acres. Elizabeth Owens was widow of Cuthbert Owens, who died in 1841. The land claimed by Caldwell was assigned to her as dower; she died in the year 1860. Cuthbert and Elizabeth Owens left some ten or eleven children. Caldwell married, first a daughter, and thereafter a granddaughter, of Elizabeth Owens. He purchased the interest of one of the heirs in said dower. His asserted title was acquired as follows: In the year 1861 suits were begun in circuit court of Fauquier by the heirs at law of Elizabeth Owens to partition her dower estate, which consisted of said land and negroes. These suits were so proceeded in, that decree for sale by commissioners of court was pronounced April 10th, 1861. War interfering, prevented the sale and emancipated the negroes. Caldwell was party to

[1] [Reported by Hon. Robert W. Hughes, and here reprinted by permission.]

both suits, and said suits were heard together and jointly. proceeded in. In 1869 sale was made of the 190 acres to John Caldwell, and confirmed to him September 22d of that year. He paid ten per cent. cash, and executed bonds with security for residue, to become due six, twelve, and eighteen months from the day of sale. Sale amounted to $7,552.-50. He paid $755.50. This cash payment was necessary to and consumed in costs of suit, commissions, etc. The terms of the decree under which Caldwell purchased provided that in case of non-compliance there should be resale at his risk. He failed to comply. Rule to show cause was awarded April 5th, 1872. He answered April 17th of the same year, and, on the 11th of September, 1872, the circuit court of Fauquier decreed resale of the dower land, and appointed a receiver to take charge. August, 1872, Caldwell was adjudged, upon his own petition, a bankrupt, and in his schedules surrendered the dower land aforesaid. The district court of the United States for the eastern district of Virginia enjoined the resale of this land October 3d. 1872. June 5th, 1873, upon hearing, this injunction was dissolved, and sale ordered by said district court. June 7th, Caldwell filed petition to be allowed, and have set apart, a homestead in the said dower tract, and on the same day, by order entered, execution of the decree for sale was suspended, and John S. Fowler, assignee, was appointed special commissioner to inquire into the matter set out in the petition, and set apart homestead if practicable. April 3d, 1874, Fowler reported, allowing homestead and defining it. To this report, on the same day, John S. Owens excepted, and the issue thus made was submitted.

H. H. Wells and C. Whittlesey appeared for the bankrupt against the motion to dissolve.

R. Taylor Scott and William H. Payne, on behalf of parties plaintiff to the suit in the state court.

HUGHES, District Judge. The jurisdiction of this court over the estate of a bankrupt is complete and exclusive; and where the estate and interest of a bankrupt are the specific subjects of adjudication in another tribunal, under jurisdiction acquired before bankruptcy, it is simply a matter of discretion, under the twenty-first section of the bankrupt law [14 Stat. 126], whether this court will, by injunction, put a stop to proceedings there or not; and this court will always exercise this discretion with consideration. But in this suit that part of the estate of the bankrupt which was in the state court is little or no other than a chose in action. The bankrupt was but one of a dozen parties, all the rest of whom are free from bankruptcy, and have a right to an adjudication of their interests by their proper local court. This court will not interfere

with that right. It has no jurisdiction to do so, and if it had, the cause having commenced in the local court before the bankruptcy, it would not so exercise its discretion in the cause as to assume jurisdiction.

The motion for remanding the cause to the state court was granted.